## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**CANTON OMAR DISMUKES**
         **Petitioner,**

**vs.**                                                    **CASE NO.: 3:10cv295/MCR/MD**

**KENNETH S. TUCKER,**
         **Respondent.[1]**

_____

## REPORT AND RECOMMENDATION

        This case is before the court on petitioner's petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1).  Respondent filed an answer and relevant portions of the state court record (doc. 28).  Petitioner then filed a response (doc. 33).  The matter was referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner is not entitled to relief, the petition is without merit and should be denied.

_____

[1]  Kenneth S. Tucker became Secretary of the Florida Department of Corrections on August 24, 2011, and is substituted as respondent.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner, Canton Omar Dismukes ("Mr. Dismukes"), was charged with attempted first degree premeditated murder with a firearm in case number 2006-CF-004810A in the Circuit Court of Escambia County, Florida, in violation of Sections 777.04, 782.04 and 775.087, Florida Statutes (doc. 28, ex. B, p. 2).[2] Mr. Dismukes was tried by a jury and found guilty of the charge on October 30, 2007 (ex. B, p. 29).  On the same day, the court adjudicated him guilty under Florida law (ex. B, p. 32) and sentenced him to a term of 20 years imprisonment with 413 days of credit time (ex. B, p. 37).

Mr. Dismukes appealed the conviction and sentence to the First District Court of Appeal ("First DCA") (ex. D).  On May 1, 2009, the First DCA *per curiam* affirmed the conviction and sentence without a written opinion. *Dismukes v. State of Florida*, 7 So. 3d 537 (Fla. 1st DCA 2009) (Table) (ex. F).

On September 1, 2009, Mr. Dismukes filed a motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure (ex. G, pp. 1-41).  He presented three grounds for relief based on ineffective assistance of counsel.  *Id.* The Rule 3.850 court denied all of Mr. Dismukes ' grounds for relief and entered a written order on December 31, 2009 (ex. G, pp. 42-75).

Mr. Dismukes filed a notice of appeal on February 1, 2010. He again raised ineffective assistance from counsel for (1) arguing a 'boilerplate' motion for judgment of acquittal; thus, not preserving the same for appellate review; (2) failing to present expert testimony regarding state of mind during the shooting; and (3) failing to object to improper comments by the prosecution during closing statements (ex. H).  On May 6, 2010, the First DCA *per curiam* affirmed the Rule 3.850 court's decision (ex. J).  The mandate issued on June 2, 2010 (ex. K).

---

[2]  Hereafter all references to exhibits will be to doc. 28 unless otherwise noted.

On August 10, 2010, Mr. Dismukes filed the instant petition for writ of habeas corpus (doc. 1).  A response was filed in opposition (doc. 28, p. 3) and Mr. Dismukes replied as to Ground 1 (doc. 33). The respondent does not contend that the petition is untimely (doc. 28, p. 3).

## STANDARD OF REVIEW

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19 (1996).  In relevant part, Section 2254 provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006).

The Supreme Court explained the framework for Section 2254 review in *Williams v. Taylor*, 529 U.S. 362 (2000).[3]  Section 2254(d)(2) must be divided into two separate inquiries:

---

[3]  Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 412–13 (O'Connor, J., concurring).  The federal habeas court "determining whether [it] should overturn the state courts' [sic] rejection of the claim at issue" should "review the highest state court decision disposing of the claim."  *Harvey v. Warden, Union Corr. Inst.*, 629 F.3d 1228, 1237 (11th Cir. 2011); *see also Knowles v. Mirzayance*, 556 U.S. 111 (2009).

Following the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  The law is "clearly established" only when the Supreme Court's holding embodies the legal principle; dicta in opinions is not controlling. *Thaler v. Haynes*, __ U.S. __, 130 S. Ct. 1171, 1173 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010).  Furthermore, a federal court of appeals decision, "even a holding directly on point," cannot clearly establish federal law for Section 2254 purposes.  *Bowles*, 608 F.3d at 1316 (citing *Renico v. Lett*, __ U.S. __, 130 S. Ct. 1855, 1866 (2010)).

After identifying the governing legal principle, the court determines whether the state court adjudication is "contrary to" clearly established Supreme Court case law, either because the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or because it "confronts a set of facts that is materially indistinguishable from a decision of [the] Court but reaches a different

result."  *Brown v. Payton*, 544 U.S. 133, 141 (2005); *see* 28 U.S.C. § 2254(d)(1).  The state court does not need to cite to Supreme Court cases or even be aware of them, "so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002).  If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of petitioner's claim.

If the state court decision is not contrary to clearly established federal law, the federal habeas court must then determine whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 412–13.  The federal court defers to the state court's reasoning unless the state court's application of the legal principle was "objectively unreasonable" in light of the record the court had before it.  *Williams*, 529 U.S. at 409; *see Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1400 (2011) (holding new evidence introduced in federal habeas court has no bearing on Section 2254(d)(1) review, rejecting dicta in *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (per curiam)).  A state court's application of federal law is objectively unreasonable when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context."  *Brown*, 544 U.S. at 141.  However, a state court may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause.  *Knowles*, 556 U.S. at 261.  Notably, even a state court's incorrect application of law will not warrant federal habeas relief unless it is also objectively unreasonable.  *See Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 785-86 (2011).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding."  28 U.S.C. § 2254(d)(2).  As with the "unreasonable application" clause, the Supreme Court applies the "objectively unreasonable" test to the state court's factual determination.  *Miller-El v. Cockrell*, 537 U.S. 322, 324 (2003) (dictum).  Petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct.  *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011); 28 U.S.C. § 2254(e)(1).

The Eleventh Circuit in *Gill* clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests.  *Id.* at 1288-89.  Mr. Gill's petition alleged he was denied his Sixth Amendment right to counsel.[4]  *Id.* at 1288.  The Eleventh Circuit granted a limited Certificate of Appealability to determine the precise issue of the validity of "summary affirmance by a state appellate court of a trial court's decision based on potentially flawed reasoning."  *Id.* at 1286.[5]

The *Gill* court acknowledged the well-settled principle that summary affirmances, such as the Second DCA's, are presumed adjudicated on the merits and warrant deference.  *Id.* at 1288 (citing *Harrington*, 131 S. Ct. at 784-85 and *Wright v.*

---

[4]  Mr. Gill twice moved the trial court in pretrial hearings to allow him to waive his Sixth Amendment right to counsel.  *Gill*, 633 F.3d at 1275-84; U.S. Const. amend. VI.  The trial court denied the first motion concluding that Mr. Gill's waiver of counsel was not knowing and intelligent.  *Gill*, 633 F.3d at 1278; *see Faretta v. California*, 422 U.S. 806, 835 (1975) (accused must "knowingly and intelligently" waive representation).  The trial court also denied the second motion, but allowed Mr. Gill to act as co-counsel for himself only for determining trial strategy.  *Gill*, 633 F.3d at 1284. After Mr. Gill was convicted and timely requested post-conviction relief, the Florida Second District Court of Appeal ("Second DCA") affirmed without opinion the trial court's denial of said relief.  *Id.* at 1284-85.  Mr. Gill then filed a petition in federal court, which the district court denied with prejudice.  *Id.*

[5]  The Eleventh Circuit reviewed Mr. Gill's claims that the district court erred in its habeas corpus analysis as to two issues.  First, Mr. Gill argued that the habeas court erred by "failing to review on the merits the 'legally and factually unsupported rationale' articulated by the state trial court." *Gill*, 633 F.3d at 1288.  Second, Mr. Gill argued the habeas court's decision was *per se* erroneous because it "relied on a finding that the state court did not make."  *Id.* Specifically, Mr. Gill averred that the trial court denied relief by finding that his Sixth Amendment waiver was not knowing and intelligent, while the federal district court denied relief by finding that he "never clearly and unequivocally" waived his right to counsel.  *Id.*

*Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002)).  "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion.  *Id.* at 1291 (citing *Harrington*, 131 S. Ct. at 784).  Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion."  *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244-45 (5th Cir. 2002) (summarizing the emerging circuit split)).  The Eleventh Circuit in *Gill* concluded that district courts must apply the plain language of Section 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning."  *Id.* at 1291 (agreeing with the Fifth Circuit court in *Neal*, 286 F.3d at 244-45).  In short, the Eleventh Circuit held that "the statutory language focuses on the result, not on the reasoning that led to the result."  *Id.*[6]

In light of *Gill*, the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it.  *Id.* at 1292.  A federal habeas court can consider the full record before it in order to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable.  *Lockyer*, 538 U.S. at 64; *Gill*, 133 F.3d at 1290.

The Supreme Court recently summarized the meaning and function of habeas corpus in the federal system:

---

[6]  Applying this analysis, the Eleventh Circuit rejected Mr. Gill's claim that the district court erred by relying on different grounds than the trial court because Mr. Gill's basic premise—the Second DCA's summary affirmance relied on the trial court's statements from the bench—was not dispositive.  *Id.* at 1288.

> **Under §2254, a habeas court must determine what arguments or theories supported or . . . could have supported [ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of this Court.**

*Harrington,* **131 S. Ct. at 786. Federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's conclusion."** *Id.* **(internal quotations omitted)**

The federal habeas court will take the final step of conducting an independent review of the merits of petitioner's claims only if it finds that petitioner satisfied AEDPA and Section 2254(d). *See Panetti v. Quarterman*, 551 U.S. 930, 953-54 (2007). The writ will not issue unless petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). When performing its review under Section 2254(d), the federal court must resolve all claims for relief regardless of whether habeas relief is granted or denied. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc); *see also Puiatti v. McNeil*, 626 F.3d 1283, 1307 (11th Cir. 2010). The federal court must also bear in mind that state court factual determinations are presumed to be correct, and petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2002) (AEDPA provides for a "highly deferential standard of review" for factual determinations made by a state court); *Jackson v. Anderson*, 112 F.3d 823, 824-25 (noting petitioner has heavier burden to overcome the presumption of factual correctness). "If this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786.

## OTHER CONTROLLING LEGAL PRINCIPLES

**Ineffective assistance of counsel**

Petitioner contends in his grounds for relief before this court that he was denied his constitutional right to the effective assistance of counsel. The Constitution provides that: "[i]n all criminal prosecutions, the accused shall enjoy the right. . .to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. To prevail on a claim of ineffective assistance of counsel, petitioner must prove that: (1) "counsel's representation fell below an objective standard of reasonableness;" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 677-78 (1984); *see also Berghuis v. Thompkins,* __ U.S. __, 130 S. Ct. 2250, 2264-65 (2010). Reasonableness of representation does not implicate what is possible, prudent, or even appropriate, but only what is "constitutionally compelled." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (citing *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

In evaluating counsel's performance, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance. *Chandler*, 218 F.3d at 1314. Courts must make "every effort. . .to eliminate the distorting effects of hindsight" and must evaluate the reasonableness of counsel's performance "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689; *see also Chandler*, 218 F.3d at 1314 (the *Strickland* standard compels courts to "avoid second-guessing counsel's performance"). The Eleventh Circuit has summarized the standard and the burden:

> Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so. This burden, which is petitioner's to bear, is and is supposed to be a heavy one. And, "[w]e are not interested in grading lawyers' performances; we are interested in whether the adversarial

> process at trial . . . worked adequately."  *See White v. Singletary*, 972
> F.2d 1218, 1221 (11th Cir. 1992).  Therefore, the cases in which habeas
> petitioners can properly prevail on the ground of ineffective assistance
> of counsel are few and far between.

*Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see also Waters v. Thomas*, 46 F.3d

1506, 1518 (11th Cir. 1995) (the test is not whether counsel could have done more);

*Atkins v. Singletary*, 965 F.2d 952, 960 (11th Cir. 1992) (". . .the Constitution requires

a good deal less than maximum performance.")

In order to meet the prejudice prong of the *Strickland* standard, petitioner

must allege more than that the unreasonable conduct might have had "some

conceivable effect on the outcome of the proceeding."  *Strickland,* 466 U.S. at 693;

*see also Marquard v. Sec'y for Dep't of Corr.*, 429 F.3d 1278, 1305 (11th Cir. 2005).

Petitioner must show a reasonable probability exists that the outcome would have

been different.  *Frazier v. Bouchard*, 661 F.3d 519, 532 (11th Cir. 2011); *Marquard*, 429

F.3d at 1305 (petitioner's burden under the prejudice prong is high); *Strickland*, 466

U.S. at 694.   In applying *Strickland*, the court may dispose of an ineffective

assistance claim if petitioner fails to carry his burden on either of the two prongs.

*Strickland*, 466 U.S. at 697 ("If  it is easier to dispose of an ineffectiveness claim on

the ground of lack of sufficient prejudice. . .that course should be followed.").

The *Strickland* standard exists to prevent petitioners from abusing the post-

trial process by escaping rules of waiver or presenting new issues; it should be

"applied with scrupulous care" to protect the integrity of the adversary process.

*Harrington*, 131 S. Ct. at 788.  As it relates to habeas corpus applications, the

Supreme Court emphasized:

> The standards created by *Strickland* and § 2254(d) are both "highly
> deferential," and when the two apply in tandem, review is "doubly" so.
> The *Strickland* standard is a general one, so the range of reasonable
> applications is substantial.  Federal habeas courts must guard against
> the danger of equating unreasonableness under *Strickland* with
> unreasonableness under § 2254(d).   When § 2254(d) applies, the
> question is not whether counsel's actions were reasonable.   The

> question is whether there is any reasonable argument that counsel
> satisfied *Strickland*'s deferential standard.

*Id*. (citations omitted); *Knowles*, 556 U.S. at 262 (*Strickland* claims evaluated under
§ 2254(d)(1) require "doubly deferential" judicial review).

Finally, when a district court considers a habeas petition, the state court's
findings of historical facts in the course of evaluating an ineffectiveness claim are
subject to the presumption of correctness, while the performance and prejudice
components are mixed questions of law and fact. *Strickland*, 466 U.S. at 698; *Collier
v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999). "'The pivotal question is whether the
state court's application of the *Strickland* standard was unreasonable, [which] is
different from asking whether defense counsel's performance fell below *Strickland*'s
standard.'" *Jones v. Sec'y, Dep't of Corr.*, 644 F.3d 1206, 1209 (11th Cir. 2011)
(quoting *Harrington*, 131 S. Ct. at 785). Habeas claims of ineffective assistance of
counsel require "doubly deferential" judicial review under Section 2254(d) and
*Strickland*, and petitioners only rarely prevail on this ground. *See Rogers*, 13 F.3d
at 386.

## Exhaustion of state remedies and procedural default

A petitioner defaults on an issue unless the petitioner first exhausts available
state court remedies so the state has the "'opportunity to pass upon and correct'
alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364,
365 (1995) (per curiam); *see* 28 U.S.C. § 2254(b)(1)(A) (applicant must exhaust
available state court remedies); 28 U.S.C. § 2254(b)(3) (state may rely on exhaustion
requirement unless it expressly waives the right). *But see* 28 U.S.C. § 2254(b)(2)
(application may be denied on the merits even when applicant fails to exhaust state
remedies). To satisfy the exhaustion requirement, petitioner must "fairly present"
his claim in each appropriate state court, alerting that court to the federal nature of
the claim. *Duncan*, 513 U.S. at 365-66; *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845
(1999) (same). This affords the state courts "one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

"Fair presentation" requires that, in each claim for relief, petitioner include a reference to a specific federal constitutional guarantee and a statement of the facts that entitle petitioner to relief. *Picard v. Connor*, 404 U.S. 270, 278 (1971). To satisfy the exhaustion requirement, petitioner must present the same facts and claims in state court about which he petitions the federal court. *Id.* Appeals to a broad, general constitutional guarantee also fail to present the "substance" of such a claim to the state court. *See Anderson v. Harless*, 459 U.S. 4, 7 (1982) (petitioner cited federal authority only by referring to a state court decision in which "the defendant. . . asserted a broad federal due process right to jury instructions that properly explain state law" (internal quotation marks omitted)). A state prisoner's claim is not fairly presented if the state court "must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material. . .." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). However, when a petitioner squarely raises a federal constitutional claim in state court, the "failure of a state court to mention a federal claim does not mean the claim was not presented to it." *Dye v. Hofbauer*, 546 U.S. 1, 3 (2005). And, simply labeling the claim "federal" may be sufficient to fairly present the claim. *Baldwin*, 541 U.S. at 32 (dictum).

The Eleventh Circuit requires specific reference to the United States Constitution and favors citations to federal cases. *Zeigler v. Crosby*, 345 F.3d 1300, 1307-08 and n.5 (11th Cir. 2003) ("Cursory and conclusional sentences (unaccompanied by citations to federal law) . . . did not present to the Florida courts the federal claim asserted to us."). This stricter standard requires petitioner to differentiate a claim under the United States Constitution from one under a state constitution. *Id.* at n.5; *McNair v. Hall*, 416 F.3d 1291, 1302-03 (11th Cir. 2005) ("a habeas applicant [must] do more than scatter some makeshift needles in the haystack of the state court record" (internal citations omitted)). If state and federal

constitutional law overlap in their applicability to petitioner's claim, he must raise his issue in terms of the federal right in state court to obtain federal review of the issue. *Duncan*, 513 U.S. at 366; *see also Anderson*, 459 U.S. at 7 and n.3 (petitioner's citation to a state-court decision predicated solely on state law is probably insufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited state case advanced a federal claim).

A claim is procedurally defaulted and barred from federal review in two instances: (1) if it was raised in state court and rejected on the independent and adequate state ground of procedural bar or default; or (2) if it was not properly raised in state court and can no longer be litigated under state procedural rules. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n.1 (1991); *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *see also Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) (state court's rejection of petitioner's constitutional claim on state procedural grounds generally precludes subsequent federal habeas review of that claim). Unless the federal court determines the state court "clearly and expressly" relied on independent and adequate state grounds, the federal court may address the petition.[7]  *Coleman*, 501 U.S. at 735.  However, when any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine, the default is *per se* adequate state grounds independent of the federal question.  *Id.* at 735 n.1; *Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989) (federal habeas court need not require a federal claim be presented to a state court if the state court would hold the claim procedurally barred).

The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question.  *Lee*, 534 U.S. at 375.  To foreclose federal review, the state procedural bar must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion.  *Ford v. Georgia*, 498 U.S. 411,

---

[7]  The "adequate and independent state grounds" rule applies equally to procedural and substantive state-law grounds.  *Lee v. Kemna*, 534 U.S. 362, 375 (2002).

423-24 (1991).  A state procedural bar is firmly established and regularly followed when the state has put litigants on notice of the rule, and the state has a legitimate interest in the rule's enforcement.  *Maples v. Allen*, 586 F.3d 879, 888 (11th Cir. 2009) (citing *Lee,* 534 U.S. at 385-88) (cert. granted by Supreme Court, 131 S. Ct. 1718 (2011)) .

To overcome a procedural default so that the federal habeas court may reach the merits of a claim, petitioner must show either "cause for the default and actual prejudice resulting therefrom," or a fundamental miscarriage of justice.  *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1345 (11th Cir. 2004); *High v. Head*, 209 F.3d 1257, 1261 (11th Cir. 2000).  Cause exists when an external impediment, such as governmental interference or the reasonable unavailability of the factual basis for the claim, prevented petitioner from raising the claim.  *McCleskey v. Zant*, 499 U.S. 467, 497 (1991) (superseded by AEDPA statute, but holding is still good law as cited and followed by the Eleventh Circuit in *High*, 209 F.3d at 1262-63).  To meet the miscarriage of justice exception, petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent" because "it is more likely than not that no reasonable juror would have convicted him."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (superseded by AEDPA statute, but holding is still good law as cited and followed by the Eleventh Circuit in *High*, 209 F.3d at 1270).  Further:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*  In short, actual innocence claims opening the gate for the miscarriage of justice exception are summarily rejected in virtually every case.  *Id.*

<u>Deference to state court findings of fact</u>

Federal habeas courts defer to the state court's findings of fact, unless petitioner shows by clear and convincing evidence that it was unreasonable.  *See* **28 U.S.C. § 2254(d)(2); 28 U.S.C. § 2254(e)(1);** *Callahan v. Hall*, **427 F.3d 897, 926 (11th Cir. 2005) (quoting the statute's language) ("[Section] 2254(d)(2) allows for relief where the state court adjudication 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'").  Under the AEDPA, the state court does not have to explicitly state its findings of fact.** *See Blankenship v. Hall*, **542 F.3d 1253, 1271-72 (11th Cir. 2008).  State court findings of fact can be implied from the opinion and the record when they are necessary to the Rule 3.850 court's rejection of a petitioner's claim.** *Id.*  **These implicit findings are entitled to deference.** *Id.*  **As explained in the Standard of Review,** *supra*, **the state court is not required to cite or be aware of the relevant Supreme Court precedent as long as its conclusion is not contradictory.** *Early*, **537 U.S. at 8.  A summary adjudication with a brief, or total lack of, statement of reasons is still an adjudication on the merits.** *Harrington*, **131 S. Ct. at 780, 784;** *see Childers v. Floyd*, **642 F.3d 953, 968 (11th Cir. 2011) ("an 'adjudication on the merits' is best defined as any state court decision that does not rest solely on a state procedural bar.")**

Under Eleventh Circuit precedent, the habeas court will "'look through' a summary decision to the 'last reasoned decision' on the issue."  *McGahee v. Ala. Dep't of Corr.*, **560 F.3d 1252, 1262 n.12 (11th Cir. 2009) (quoting** *Sweet v. Sec'y, Dep't of Corr.*, **467 F.3d 1311, 1317 (11th Cir. 2006));** *see also Ylst v. Nunnemaker*, **501 U.S. 797, 802 (1991) (quoting** *Coleman*, **501 U.S. at 740) (the** *Harris* **presumption only applies after the habeas court determines that "'the relevant state court decision. . .fairly appear[s] to rest primarily on federal law or [is] interwoven with [federal] law.'")**

## PETITIONER'S GROUNDS FOR RELIEF

**Ground One**          **Ineffective Assistance of Counsel for Failure to File a Sufficient Motion for Judgment of Acquittal**

Mr. Dismukes' alleges that his trial attorney's argument on premeditation during his motion for a judgment of acquittal was "boilerplate" and thus, insufficient to preserve the issue for appellate review (ex. G, p. 6-16).  Mr. Dismukes' avers that his counsel failed to argue that evidence of premeditation was solely circumstantial, which would have entitled him to a special standard of review on the issue pursuant to the Florida circumstantial rule.  *Id.*

### State Court Decision

The Rule 3.850 court did not hold a hearing and issued an opinion explaining that the special standard of review was not applicable to the case at bar due to the direct evidence presented at trial (ex. G, p. 44-45).  It further stated that "'[t]he law is clear that a trial court should rarely, if ever, grant a motion for judgment of acquittal on the issue of intent'" as is the case with premeditation.  *Id.* at 45 (quoting *Washington v. State*, 737 So. 2d 1208, 1215-16 (Fla. 1st DCA 1999)).  The Rule 3.850 court concluded that because "the evidence was sufficient to present a question for the jury" defendant failed to show that his trial counsel's performance was deficient or prejudicial.  *Id.* at 46.

### Federal Review of State Court Decision

In his Rule 3.850 motion for post-conviction relief, Mr. Dismukes raised this claim strictly in state law grounds, failing to cite any  federal case, or even mention the United States' Constitution in support of his arguments (ex. G, p. 6-16).  In fact, it is in his reply to the state's response to the writ of habeas corpus that Mr. Dismukes asserts for the first time his Fourteenth Amendment right to due process

in relation to his counsel's fiduciary duty to represent him "with the utmost degree of 'honesty,' 'forthrightness,' 'loyality' (sic),  and 'fidelity'" as discussed by the Supreme Court in *Strickland* (doc. 33, pp. 9-10).

However, respondent does not argue that Mr. Dismukes failed to put the state on notice as to the federal nature of his ineffective assistance of counsel claim. Likely because Mr. Dismukes based his motion for post conviction relief on that claim, but simply divided the same pursuant to three different reasons. He also cited federal case law and the U.S. Constitution throughout the rest of his arguments. Therefore, the state court was put on notice of Mr. Dismukes' federal claim, and it is not procedurally defaulted.

The trial court was required to apply the following standard, enunciated by the Florida Supreme Court, in evaluating defense counsel's motion for judgment of acquittal:

> A defendant, in moving for a judgment of acquittal, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. The courts should not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Where there is room for a difference of opinion between reasonable men as to the proof or facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the Court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail and not primarily the views of the judge. The credibility and probative force of conflicting testimony should not be determined on a motion for judgment of acquittal.

*Lynch v. State*, 293 So.2d 44, 45 (Fla. 1974) (citations omitted).

Under Florida law in effect at the time of Mr. Dismukes' offense, attempted first degree premeditated murder with a firearm was defined, in pertinent part, as follows:

A person who attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such offense, but fails in the perpetration or is intercepted or prevented in the execution thereof, commits the offense of criminal attempt, ranked for purposes of sentencing as provided in subsection (4).  Fla. Stat. §777.04(1) (1998).

The unlawful killing of a human being [w]hen perpetrated from a premeditated design to effect the death of the person killed or any human being is murder in the first degree and constitutes a capital felony, punishable as provided in s. 775.082.  Fla. Stat. § 782.04(1)(a)(1) (2005).

Thus, to prove the crime, the state had to establish beyond a reasonable doubt that Mr. Dismukes with premeditated design attempted yet failed to murder the victim using a firearm.  Viewed in a light most favorable to the state, Mr. Dismukes shot an unarmed man in the back while he was running away (ex. C, pp. 82, 96-98, 111-114, 129-130, 143-145, 152, 158, 160-167, 173, 195, 201-207).  The physical and testimonial evidence presented by the state was sufficient to permit a rational juror to conclude that Mr. Dismukes committed the crime as charged.  *Id.*  Since a rational trier of fact could have found guilt beyond a reasonable doubt, there was no legal basis for the trial court to grant a judgment of acquittal even if Mr. Dismukes' trial counsel had argued more specific grounds in her motion, including any argument of the Florida circumstantial evidence rule.  *Belcher v. State*, 961 So.2d 239, 254-55 (Fla. 2007) (concluding that due to the sufficient and substantial evidence presented to support the conviction, failure to argue a successful motion for judgment of acquittal and obtain a special jury instruction on the circumstantial evidence rule did not constitute ineffective assistance of counsel).  Mr. Dismukes fails to demonstrate a reasonable probability that the trial court would have granted the motion if his trial counsel would have argued the same more effectively, or that the Florida circumstantial evidence rule applies to his case.

The state court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was

based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1)(2); *Williams,* 529 U.S. at 409.  Mr. Dismukes is not entitled to federal habeas relief, and the writ should not issue.

| | |
|---|---|
| <u>Ground Two</u> | <u>Denial of Sixth Amendment Right to Effective Assistance of Counsel Due to Failure to Call Expert to Testify as to Human Perception and Memory Under High Stress Situations</u> |

Mr. Dismukes contends that trial counsel's failure to present expert testimony regarding his state of mind during the incident constitutes ineffective assistance of counsel in violation of his Sixth Amendment rights (ex. G, pp. 16-24).  He asserts that his trial counsel failed to research and prepare because if she had, she would have found the research of combat stress experts to explain his state of mind at the time of the shooting.  *Id.*  Expert testimony would have allegedly aided the jury in its determination of whether Mr. Dismukes shot Mr. Cooper with premeditation or whether he merely reacted or even overreacted to the stressful and dangerous situation that transpired.  *Id.*

### State Court Decision

The Rule 3.850 court held that "[p]ure speculation cannot support postconviction relief" as is Mr. Dismukes' argument that expert testimony would have swayed the jury's verdict (ex. G, pp. 46-47 (citing *Bass v. State*, 932 So. 2d 1170, 1172 (Fla. 2d DCA 2006))).  It further reasoned that Mr. Dismukes failed to demonstrate prejudice because the facts of the case were undisputed:  he shot the victim in the back as the victim was fleeing.  *Id.* at 47.  Thus, the Rule 3.850 court concluded that Mr. Dismukes failed to show how an expert could have proffered testimony regarding his perceptions in order to justify that he reasonably felt threatened by a fleeing victim.  *Id.*

<u>Federal Review of State Court Decision</u>

As discussed in detail above, this court owes deference to the state courts' rulings, and cannot disturb them so long as there was a "satisfactory conclusion." *Williams,* 529 U.S. at 410-12; *see also Crawford*, 311 F.3d at 1295 (explaining that AEDPA provides for a "highly deferential standard of review" for factual determinations made by a state court).

The fatal defect in Mr. Dismukes' position is his failure to offer any persuasive evidence that the combat stress expert would have made a difference. The Rule 3.850 court held that it would not. Several facts support this finding. As the Rule 3.850 court noted, the facts in this case were undisputed. Mr. Dismukes shot a fleeing unarmed man in the back several times. There was extensive witness testimony and physical evidence to establish this (ex. C, pp. 82, 96-98, 111-114, 129-130, 143-145, 152, 158, 160-167, 173, 195, 201-207). Mr. Dismukes[8] does not deny his actions, but merely contests his state of mind at the time of the shooting, alleging that he felt threatened by the fleeing victim.

Mr. Dismukes speculates that it would have been easy to find a combat stress expert, but he offers no evidence to support this, or that the expert would have supported his claim. This court will not "'blindly accept speculative and inconcrete claims . . . .'" *Raulerson v. Wainwright*, 753 F.2d 869, 876 (11th Cir. 1985) (quoting *Baldwin v. Blackburn*, 653 F.2d 942, 947 (5th Cir. 1981)). Absent evidence in the record, a court cannot consider a habeas petitioners' bald assertions on a critical issue in his petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value. *Woodard v. Beto*, 447 F.2d 103, 104-05 (5th Cir. 1971).[9] Thus, mere conclusory allegations do

---

[8]Mr. Dismukes did not testify in his trial. This statement is based on his trial strategy according to the transcript, as well as his numerous pleadings in the state courts and this court.

[9]Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

not raise a constitutional issue in a habeas proceeding.  *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980).

The Rule 3.850 court's holding that Mr. Dismukes' claim is pure speculation and lacks proof of prejudice is not an unreasonable application of *Strickland*.  Trial counsel's performance is not deficient merely because it is not perfect.

> "[J]udicial scrutiny of counsel's performance must be highly deferential."  Because retrospective evaluation of a lawyer's performance can be difficult, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .  In light of the "strong presumption in favor of competence," we have held that in order to prove deficient performance, "a petitioner must establish that no competent counsel would have taken the action that his counsel did take."

*Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002) (quoting *Strickland*, 466 U.S. at 687, 689-90 and *Chandler v. United States*, 218 F.3d at 1315).  Here, trial counsel had a strategy, which she discussed with Mr. Dismukes via letter, and he agreed with the same even going on the record and stating that he was satisfied  with her services.  Ex. C, pp. 211-213.  It is not unreasonable for the Rule 3.850 court to find that trial counsel's performance was not deficient or prejudicial to Mr. Dismukes.

The state court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1)(2); *Williams,* 529 U.S. at 409.  Mr. Dismukes is not entitled to federal habeas relief, and the writ should not issue.

**Ground Three**        **Ineffective Assistance of Counsel Due to Failure to Object to Improper Prosecutorial Comments**

Mr. Dismukes' final claim is that his counsel was ineffective in failing to object to impermissible comments by the state during closing statements (ex. G, pp. 25-29).

The prosecutor's comments referenced the unknown location of the gun used by Mr. Dismukes in the shootings.  *Id.*  He argues that the prosecutor's inquiry "Where is the gun?" referred to his post-arrest silence.  *Id.,* ex. C p. 222.  He also argues that the prosecutor inappropriately pointed out the details of the justifiable homicide he committed immediately prior to shooting the victim of the crime that he was charged and convicted of, the subject of this petition for writ (ex. G, pp. 25-29).  He asserts that this was highly prejudicial because the jury could convict him based on the justifiable killing as opposed to the crime charged, and therefore, his counsel should have objected in order to obtain a curative instruction by the trial court.  *Id.*

### State Court Decision

The Rule 3.850 court held that comments by the prosecution on uncontradicted evidence is permissible (ex. G, p. 48).  The fact that the gun used by Mr. Dismukes was never recovered was uncontroverted.  *Id.*  The Rule 3.850 court reasoned that he was not the only person that could provide the gun's whereabouts, and thus, the prosecutor's rhetorical question did not relate to Mr. Dismukes' post-arrest silence.  *Id.*  The court further noted the well-established principle under Florida law that fleeing the scene of a crime can be considered as circumstantial evidence of guilt.  *Id.* at 49.  Therefore, the prosecutor's discussion of Mr. Dismukes actions after the shooting was not improper.  *Id.*  The Rule 3.850 court also repudiated Mr. Dismukes' allegation that he was convicted because the jury believed he got away with murder as pure speculation, which cannot support his post-conviction relief.  *Id.*  It concluded that Mr. Dismukes' counsel was not ineffective for failure to object because the comments were unobjectionable, and he failed to prove counsel's performance was either deficient or prejudicial.  *Id.*

<u>**Federal Review of State Court Decision**</u>

In order to succeed on this claim, petitioner must show, first, that the prosecutor's behavior was improper.  If the prosecution's behavior was not improper, there was no basis upon which counsel could object.  It is long established Supreme Court law that prosecutors must refrain from improper methods calculated to produce a wrongful conviction; they may strike hard blows but are not at liberty to strike foul ones.  *Berger v. United States*, 295 U.S. 78, 88 (1935).  "A lawyer shall not . . . state a personal opinion as to . . . the credibility of a witness . . . or the guilt or innocence of an accused" and shall not "use arguments calculated to inflame the passions or prejudices of the jury."  *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citing Model Rules of Professional Conduct, Rule 3.4(e) (1984);  Code of Professional Responsibility, DR 7-106(C)(4) (1980);  ABA Standards for Criminal Justice:  3-5.8(b) (2d Ed. 1980)).

In applying the various professional standards to the conduct of attorneys who appear before them, courts must not lose sight of the reality that "[a] criminal trial does not unfold like a play with actors following a script." *United States v. Young*, 470 U.S. 1, 10 (1985) (quoting *Geders v. United States*, 425 U.S. 80, 86 (1976)). "[I]n the heat of argument, counsel do occasionally make remarks that are not justified by the testimony, and which are, or may be, prejudicial to the accused." *Id.* (citing *Dunlop v. United States*, 165 U.S. 486, 498 (1897)).

Challenges to allegedly improper prosecutorial comments are not infrequent. However, in evaluating a prosecutorial indiscretion:

> it is not enough that the prosecutors' remarks were undesirable or even universally condemned. The relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process.

*Darden,* 477 U.S. at 181 (internal citations omitted); *Donnelly v. DeChristoforo*, 416 U.S. 637, 647 (1974); *United States v. Young,* 470 U.S. at 10.  Inappropriate prosecutorial comments, standing alone, do not justify a reviewing court to reverse

a criminal conviction obtained in an otherwise fair proceeding.  Instead, the remarks must be examined within the context of the trial.  *Young,*  470 U.S. at 11. Furthermore, not every remark that stings is improper.  "In closing argument, a prosecutor is not prohibited from making 'colorful and perhaps flamboyant' remarks if they relate to the evidence adduced at trial." *United States v. Mock*, 523 F.3d 1299, 1302 (11th Cir. 2008) (*quoting United States v. Jacoby*, 955 F.2d 1527, 1541 (11th Cir. 1992).

The undersigned has carefully read the entire trial transcript.  Within the context of the entire trial, the prosecutor's comments concerning the unknown location of the gun used by Mr. Dismukes and his fleeing the scene and hiding for three weeks after the shooting were not improper.  As respondent correctly notes, the state is allowed to argue consciousness of guilt, which is what the prosecutor did during closing argument.  The Rule 3.850 court found that these comments did not refer to Mr. Dismukes' post-arrest silence, but instead to uncontroverted evidence in the record and consciousness of guilt.  This was not an unreasonable finding.

Nothing the prosecutor said infected the trial with unfairness such that the resulting conviction constituted a denial of due process to Mr. Dismukes.  Even if the comments were considered improper, which this court does not find, Mr. Dismukes  bases this ineffective assistance of counsel solely on speculation - that because of these comments he was convicted of the justifiable killing and not the charged premeditated first degree murder.   Post-conviction relief cannot be premised on such conjecture.  *Bass*, 932 So. 2d at 1172.  Mr. Dismukes failed to prove his trial counsel's performance was deficient, or that he suffered prejudice for her failure to object to the prosecutor's comments.

The state court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence

presented.  28 U.S.C. § 2254(d)(1)(2); *Williams,* 529 U.S. at 409.  Mr. Dismukes is not entitled to federal habeas relief, and the writ should not issue.

## CONCLUSION

The undersigned has carefully reviewed the trial transcript, post-conviction motions, orders, records on appeal, and all submissions in this proceeding.  Mr. Dismukes' claims are without merit and he is not entitled to federal habeas relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.     That the 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in *State of Florida v. Dismukes* in the Circuit Court of Escambia County, Florida, case no. 06-4810, be DENIED and the clerk be directed to close the file.

2.     That a certificate of appealability be DENIED.


At Pensacola, Florida, this 10th day of January, 2012.



/s/ *Miles Davis*
          **MILES DAVIS**
          **UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties</u>. Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**